IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA WHITE | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, Commissioner | : | NO. 05-2856 |
| of the Social Security Administration, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                 **August 18, 2006**

**I.     Introduction and Procedural History**

The issue presented is whether the government should be required to pay plaintiff Patricia White's ("Plaintiff" or "White") attorney's and filing fees and costs under the Equal Access to Justice Act (the "EAJA"). The EAJA provides that a prevailing party in a civil suit against the Federal Government should generally be awarded attorney's fees if the government's position is "not substantially justified." 28 U.S.C. § 2412(d).

Earlier this year, Plaintiff sought judicial review of the Commissioner of Social Security's (the "Commissioner") decision denying her claim for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. Plaintiff – a former nurse's aid, home health aide, and medical billing clerk – contends that she has been unable to work since May 9, 2000 because she suffers from carpal tunnel syndrome ("CTS") in both hands, depression and anxiety, a back problem, swelling of her feet and knees, and burning on the right side of her body. On February 9, 2006, the Court issued a Memorandum and Order granting in part and denying in part both the Plaintiff's and

1

Commissioner's motions for summary judgment, and remanding this case to the Social Security Agency (the "Agency") for further proceedings. White v. Barnhart, 2006 WL 328365, No. 05-2856 (E.D. Pa. Feb. 9, 2006).

In consideration of Third Circuit and Supreme Court rulings interpreting and applying the EAJA, and for the reasons discussed below, Plaintiff White's Petition for an Award of Attorney's Fees and Reimbursement of Court Costs Under the Equal Access to Justice Act, 28 U.S.C. § 2412 will be granted.

## II.    Contentions of the Parties

### A.    Plaintiff

White contends that by committing two errors concerning well settled and long-established law, as recognized by this Court in its February 9th, 2006 order remanding to the Agency, White, 2006 WL 328365 at *9, the ALJ and the Commissioner failed to make a strong showing that they were "substantially justified" in denying her claim for benefits, thus entitling her to attorney's fees under the EAJA. Specifically, she contends that since her attorney reasonably spent 38.1 hours working on the case, she is entitled to $6,110.10[1], using the hourly rate of $160.37, plus the $250.00 filing fee to commence this action. (Pl.'s Pet. at 11; Pl.'s Reply at 8).

### B.    Respondent

The Commissioner contends that the government's position met the "substantially justified" standard articulated by the Supreme Court, such that Plaintiff is not entitled to attorney's fees under the EAJA. (Resp.'s Response at 2). Since the ALJ need only be "justified

---

[1]    Plaintiff's Counsel miscalculated the total attorney's fee to be $6,110.85. Pl.'s Reply at 8.

to a degree that could satisfy a reasonable person," the Commissioner argues that even though the Plaintiff won the case on substantial evidence review, the Court need not find that the ALJ's and Commissioner's decision was not substantially justified in both fact and law. (Resp.'s Response at 2-3).

Alternately, the Commissioner argues that even if the Court decides to award Plaintiff EAJA fees, the number of hours claimed by her counsel are unreasonably excessive and should be reduced to exclude time spent (1) preparing the Reply brief to the underlying litigation, which was repetitive, (2) docketing, directing service, and preparing client letters because these tasks are clerical, and (3) preparing the initial EAJA petition because it included significant boilerplate language.

**III**.   **Discussion**

The Equal Access to Justice Act, 28 U.S.C. § 2412(d),[2] provides that a prevailing party in a civil suit against the Federal Government shall be awarded attorney's fees if the government's position is not substantially justified, unless special circumstances make the award unjust. Similar to 18 U.S.C. § 3006A, commonly known as the "Hyde Amendment," pertaining to criminal prosecutions, the EAJA aims at insuring that "legal costs do not inhibit citizens from contesting government decisions in contexts such as social security benefits." Grossberg v. Barnhart, 2005 WL 703736, No. 04-2397, at *3 (non-precedential opinion) (3d Cir. Mar. 8, 2005) (quoting Pierce v. Underwood, 487 U.S. 552, 575 (1988)).

---

2   28 U.S.C. § 2412(d)(1)(A) states that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

A. **Whether Plaintiff is entitled to attorney's fees and costs**

As a threshold matter, a successful Plaintiff must be a "prevailing party" for the purposes of the EAJA, which is satisfied if she "achieved some of the benefit sought . . . [in] bringing the suit." Childs v. Barnhart, 306 F. Supp.2d 519, 521 (E.D. Pa. 2004) (quoting Institutionalized Juveniles v. Sec. of Pub. Wel., 758 F.2d 897, 910 (3d Cir. 1985)). Additionally, a successful plaintiff must comply with the procedures and limitations of the EAJA to ensure that her application is timely and properly filed. Here, White asserts — and the Court agrees — that she is a "prevailing party" within the meaning of the EAJA because the Court remanded the matter to the Agency to cure two errors of law pursuant to 42 U.S.C. § 405(g). (Pl.'s Pet. at 5-6). Moreover, we find that she complied with the procedural limitations of EAJA by timely filing her petition on May 11, 2006, within 90 days of the entry of the Court's judgment on February 10, 2006, and 30 days of the expiration of the appeal period, thus making her eligible for attorney's fees and costs under the EAJA.[3]

Once these prerequisites have been met, a plaintiff can only recover attorney's costs and fees under the EAJA if the government or Commissioner is unable to show that its decision was "substantially justified" both in fact and in law, and no "special circumstances" make a fee award unjust. Tressler v. Heckler, 748 F.2d 146, 149 (3d Cir. 1984). Since the Commissioner does not argue that this case involves a "special circumstance," the only questions before the Court are (1) whether the Commissioner's position was "substantially justified" to preclude an award of fees,

---

3   The EAJA requires a "prevailing party" to file a petition for an award of attorney's fees within 30 days of entry of a "final judgment" in a civil action. 28 U.S.C. § 2412(d)(1)(B); Melkonyan v. Sullivan, 501 U.S. 89, 91 (1991) (holding that the application for fees was untimely because it had not been filed within 30 days of the "final judgment" as required by the EAJA). Under the EAJA, a "final judgment" is one which is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). When the United States or its agency is a party, there are 60 days to appeal a court judgment. Fed. R. App. P. 4(a)(1). Therefore, White had 90 days to file her EAJA petition.

and (2) if fees should be awarded, whether Plaintiff's fee petition is excessive and unreasonable.

Although the legislative text and history do not define and provide little guidance in interpreting "substantial justification,"[4] the Supreme Court resolved various interpretations employed by the circuit courts, holding that the government meets this standard when it provides justification to a "degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565.  The Pierce court also suggests that substantial justification may still exist even if the court determines that the government's position was incorrect, so long as "a reasonable person could think it correct." Id. at 566 n.2.  Although emphasizing that there is no prescribed *per se* rule entitling a plaintiff to an EAJA fee award merely because the government's legal theory has been rejected, where "the government's legal position clearly offends established precedent, . . . its position cannot be said to be 'substantially justified.'" Washington v. Heckler, 756 F.2d 959, 962-63 (3d Cir. 1985).  Moreover, the government cannot meet its burden merely by relying upon "some evidence" showing that the claimant may be able to perform "some work." Tressler, 748 F.2d at 146.

The Third Circuit has interpreted the substantial justification standard to be "a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." Dougherty v. Lehman, 711 F.2d 555, 563 (3d Cir. 1983). In Dougherty, the Court established a tripartite test for determining whether substantial justification exists: 1) a reasonable factual basis alleged in the pleadings, 2) a reasonable legal basis for the government's expouned theory, and 3) reasonable support in the alleged facts for

---

4   Notably, Congress is currently considering an amendment to strike the "substantial justification" language. Equal Access to Justice Reform Act, S. 2017, 109th Cong. §4 (2005). See also 151 Cong. Rec. S12950-02, *S12951 (daily ed. Nov. 16, 2005) (statement of Rep. Feingold arguing that substantial justification is an unnecessarily and unfairly "restrictive provision" that prevents successful parties from collecting attorneys' fees). However, the "substantial justification" language currently remains as the standard that we must apply.

5

the advanced legal theory.  Id. at 564.  See also Tressler, 748 F.2d at 149-150 (concluding that nowhere in the record did the government offer factors or a legal theory for denying disability benefits to meet the three-part test); Washington, 759 F.2d at 961 (emphasizing that the government's burden of showing substantial justification is a strong one that cannot be met by presenting "some evidence" supporting its position).

Here, Plaintiff identifies two errors to demonstrate her position that the Commissioner's position was not substantially justified.  She argues that it was improper for the Commissioner to contend (1) that her left-side CTS was not a severe impairment, and (2) that the ALJ's hypothesis to the Vocational Expert (the "VE"), which omitted her left-side CTS, included all her functional impairments.  (Pl.'s Pet. at 7-9, Pl.'s Reply at 4).

Regarding the Commissioner's finding that left-side CTS was not a "severe" impairment at step two of the sequential disability benefits evaluation, Plaintiff asserts that this step is a *de minimis* screening device aimed at disposing of "groundless claims."  (Pl.'s Pet. at 7).  White claims that in contravening the record's uncontested, objective medical evidence amply supporting that Plaintiff's left-side CTS imposed a severe, significant limitation, the Commissioner departed from the Third Circuit's clear description of "severe" for the purposes of Social Security Insurance Disability evaluations and the Agency's own policy of resolving any doubt in favor of applicants. (Pl.'s Pet. at 7-8).  White emphasizes that neither the Commissioner's Motion for Summary Judgment, as pointed out by the Court, White, 2006 WL 328365 at *6 n.7, nor the Commissioner's brief filed in opposition to Plaintiff's EAJA petition acknowledge that the Third Circuit requires only a minimal threshold showing of "severe" impairment.  (Pl.'s Reply at 4).

Regarding the deficient hypothetical posed to the VE, White urges it was deficient

because it omitted her left-side CTS, and therefore did not include all of her functional impairments supported by the record. As a result, it was an error for the Commissioner to argue that the VE's testimony supported the ALJ's step five denial of benefits. (Pl.'s Pet. at 8-9).

In response, the Commissioner emphasizes the lack of objective medical evidence that the Plaintiff's knee and mental impairments were severe, persuading the Court to find in the Commissioner's favor on those two issues, thus remanding solely for consideration of the Plaintiff's left-side CTS. To bolster this claim, the Commissioner cites numerous cases from other circuits holding that attorney's fees should not be awarded where evidence in the record supports the ALJ's denial of disability benefits. (Resp.'s Response at 3-5).

The Court concludes that an award of attorney's fees is appropriate. Even though this Court granted in part the Commissioner's summary judgment motion, affirming her denial of benefits for Plaintiff's back and mental ailments, the Commissioner's decision that left-side CTS did not constitute a "severe" impairment departed from clear Third Circuit precedent as well as the agency's own low *de minimus* standard for "severe." As a result, the Commissioner was unreasonable in part, as to certain facts, and in applying the facts of the case to the correct legal standard, failing all three prongs of the "substantial justification" standard articulated by the Third Circuit in Dougherty. Notably, the Commissioner doesn't even dispute (or address) that its position on the "severe" determination was wrong regarding the Plaintiff's left-side CTS.

### B. The Amount of Fees and Costs

Having decided to award fees, next we must consider the proper amount to award. First, Plaintiff argues that she is entitled to a $250.00 filing fee reimbursement pursuant to Section (a)(2) of the EAJA, 28 U.S.C. §2412(a)(2), which is uncontested by the Commissioner. (Pl.'s Pet. at 10-11; Resp.'s Response at 6-9).

Also, assuming an award of fees is appropriate, the Commissioner does not dispute that the appropriate hourly rate under the EAJA is $160.37. (Pl.'s Pet. at 10; Resp.'s Response at 9). Prior to March 29, 1996, the EAJA authorized attorney's fees of $75.00 per hour. 28 U.S.C. §2412(d)(2)(A)(ii). Public Law 103-121 § 232(b)(1), effective March 29, 1996, amended to allow a $125.00 hourly rate for attorney's fees for EAJA purposes, and provides for an increase in this figure for the cost of living. The Third Circuit has approved the use of the Consumer Price Index ("CPI") to calculate the proper cost of this living adjustment. Dewalt v. Sullivan, 963 F.2d 27, 29 (3d Cir. 1992); Allen v. Bowen, 821 F.2d 963, 967 (3d Cir. 1987). Using the CPI, we agree that the current adjusted hourly rate is $160.37.

Next, Plaintiff argues that her attorney reasonably expended 38.1 hours litigating the underlying award of Social Security Benefits and this EAJA petition, which at $160.37 per hour equals a total fee award of $6,110.10.[5]

The framework for calculating the proper number of hours for an award under the EAJA requires the party seeking attorney fees to demonstrate that its request is reasonable and to put forward a "good faith effort to exclude from a free request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Walton v. Massanari, 177 F. Supp. 2d 359, 361 (E.D. Pa. 2001) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d

---

[5] Specifically, Plaintiff's counsel submits the following hour requests: 0.75 hours for supervising and reviewing Complaint and Summons filing, and letter to client, 0.25 hours for reviewing and docketing Summons and Procedural Order from Clerk and Proof of Service on US Attorney, and e-mailing additional requested information , 0.25 hours for directing service, 0.1 hours for reviewing notice of transfer, 0.25 hours for reviewing Answer and Transcript and docketing deadline for Motion for Summary Judgment and brief, 19 hours for working on the Motion for Summary Judgment and brief, 0.25 hours for phone call and review of Defendant's Motion for an Extension of Time to file Motion for Summary Judgment and brief, 0.25 hours for reviewing Order granting extension of time and docket due date, 0.5 hours for reviewing Defendant's Motion for Summary Judgment and Brief, and docketing the Reply brief due date, 8.0 hours for preparing Plaintiff's Reply brief, 0.5 hours for reviewing the Court's Memorandum Opinion and Order and docketing for EAJA, 3 hours for preparing the EAJA petition, and 5 hours for preparing the EAJA reply brief. (Pl.'s Brief at 14-15, Pl.'s Reply at 8).

8

Cir. 1990)).  However, aside from time allotted for proofreading, it is not reasonable for an attorney to bill "for such administrative tasks that can easily be performed by non lawyers." Walton, 177 F. Supp. 2d at 365.  See also Bielec v. Bowen, 675 F. Supp. 200, 204 (D.N.J. 1987) (holding that services which could have been performed by a support staff member, such as delivering, picking up and binding the Appendix to the Brief, are not recoverable under the EAJA).  If the opposing party objects to the number of hours proffered, that party must, through affidavit or brief, provide notice with sufficient specificity to the fee applicant the portion of the fee petition which must be defended.  Walton, 177 F. Supp. at 361.  Further, although a district court can decrease the awarded fee based only upon factors raised by the opposing party, the fee award is not automatic and the court retains significant discretion to adjust the fee amount to reflect the objections given its "superior understanding of the litigation." Comm'r, INS v. Jean, 496 U.S. 154, 161 (1990).

     Here, the Commissioner argues that the number of hours claimed by Plaintiff is excessive, and should be reduced to 24.2 hours to exclude unreasonable hour requests, which includes excessive hours (1) to prepare Plaintiff's Reply brief for her claim seeking an award of Social Security Benefits, (2) to docket, direct service, and prepare client letters, and (3) hours to prepare the EAJA petition.  Specifically, the Commissioner contends that since Plaintiff's Reply reasserted many of the same arguments from her initial brief, the majority of which were later rejected by the Court, this reply brief was an unnecessary pleading for which no more than three (3), as opposed to the requested eight (8), hours of attorney's fees should be awarded to the Plaintiff.  (Resp.'s Response at 6).  Moreover, docketing, reviewing a proof of service, directing service, and preparing letters to her client are clerical tasks which should not have been included in the requested attorney's fees submitted by Plaintiff's counsel and are not recoverable under the

EAJA, thus reducing Plaintiff's fees by 1.75 hours. (Resp.'s Response at 7). Finally, since Plaintiff's EAJA petition involved boilerplate language regarding threshold issues and substantial justification likely included by her counsel in any EAJA petition, the Commissioner insists that Plaintiff's counsel be awarded only one (1), not three (3), hours. By the Commissioner's calculations, Plaintiff's attorney bill should be reduced to 24.2 hours, entitling her to an appropriate attorney's fee award of $3,880.95. (Resp.'s Response at 8).

In reply, White denies the Commissioner's allegation that the number of expended hours asserted by Plaintiff's Counsel was excessive. Rather, White claims that the requested hours for her Reply brief for her claim seeking an award of Social Security Benefits were reasonable because this brief acknowledged references to the initial brief, and replied specifically to contentions raised by the Commissioner's opposing brief. (Pl.'s Reply at 5-6). In addition, docketing pleadings and notices, for which deadlines must be calculated or recorded, reasonably required attorney supervision, and should not be considered clerical tasks exempt from an attorney's fees award. (Pl.'s Reply at 7). Moreover, Plaintiff denies that her EAJA petition was boilerplate, because after having never challenged one of her EAJA petitions in more than twenty years, the Commissioner had just challenged another one of Plaintiff counsel's EAJA petitions on substantial justification grounds, requiring additional time and attention from her counsel in the instant case and making the requested hours reasonable. Additionally, having spent five (5) hours preparing the Reply to the EAJA petition, she asks the Court to reimbursement of those hours as well. (Pl.'s Reply at 8).

### 1. Reply Brief for Plaintiff's Claim Seeking Social Security Benefits

Plaintiff's request of 8.0 hours for the reply brief is not excessive. Since the reply brief responded to contentions in the Commissioner's opposing brief, the reply brief does not appear to

be "boilerplate" or a mere re-filing of the original brief. Thus, the eight hours requested by Plaintiff's Counsel appear reasonable, especially given Walton in which 17.4 hours billed for filing a 7.5 page reply brief were not considered excessive. Walton, 177 F. Supp. 2d at 365.

### 2. Docketing, Directing Service & Preparing Client Letters

Plaintiff's request for 2.75 hours for docketing, directing service and preparing client letters will be disallowed. We agree with the Commissioner that these are clerical tasks which should not have been included in the requested attorney's fees submitted by Plaintiff's counsel and are not recoverable under the EAJA. In Walton, the court suggested that docketing-related tasks cannot be reasonably included in attorney's fees and will be considered "administrative" unless they fall under "proof-reading." Similarly, Bielec held that services which could have been performed by a support staff member, such as delivering, picking up and binding the Appendix to the Brief, and are not recoverable under the EAJA. We find both these cases persuasive, and therefore exclude the 2.75 required to perform these administrative tasks, which could have been done by support staff, from Plaintiff's overall fee award.

### 3. EAJA Petition and Reply to the EAJA Petition

Finally, we find Plaintiff's request for reimbursement of three (3) hours for drafting of her EAJA petition reasonable. However, although we agree with Plaintiff that she deserves some reimbursement for the time spent drafting the reply brief to the Commissioner's brief in opposition to her EAJA petition, the Court will only allow two (2) hours. The Court finds five (5) hours to be excessive, as the brief contains considerable boilerplate language.

## V. Conclusion

For the foregoing reasons, the Court finds that Plaintiff White's Petition for an Award of

Attorney's Fees and Reimbursement of Court Costs Under the Equal Access to Justice Act, 28 U.S.C. § 2412 will be granted. Plaintiff's attorney reasonably expended 32.35 hours litigating the case, which equates to a total attorney fee award of $5187.97, and should also be reimbursed $250.00 for the court filing fee.

An appropriate Order follows.

A:\05-2856, White v. Barnhart Attorneys Fees 2006.08.18.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WHITE : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| JO ANNE B. BARNHART, Commissioner : | NO. 05-2856 |
| of the Social Security Administration, : | |
| : | |
| Respondent : | |

**O R D E R**

AND NOW, this       day of August, 2006, for the reasons stated in the foregoing Memorandum, it is hereby ordered pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), that:

1. Plaintiff's Petition for an Award of Attorney's Fees and Reimbursement of Court Costs (Docs. No. 16 and 17) is granted;

2. Defendant is to pay to Plaintiff's counsel, Suzanne Fluhr, Esquire, the amount of $5187.97 as fees for 32.35 hours, and $250.00 to reimburse the court filing fee. Payment shall be made within thirty days from the date of this Order with legal interest to accrue thereafter; and

3. Plaintiff's First Motion for Leave to File a Reply to Defendant's Response in Opposition to Plaintiff's Petition for Attorney's Fees Pursuant to the EAJA (Doc. No. 19) is DENIED AS MOOT.

BY THE COURT:

**/s/ Michael M. Baylson**

Michael M. Baylson, U.S.D.J.